# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN POSEY, III,<br>                Petitioner,<br><br>vs.<br><br>TABB BICKEL<br>                Respondent. | Civil Action No. 12-1806<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 7 |

## MEMORANDUM OPINION

Herman Posey, III, ("Petitioner") is a state prisoner who has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), which is untimely and must be dismissed as such.

Petitioner was convicted of Aggravated Assault, 18 Pa.C.S.A. § 2702, by a jury in the Court of Common Pleas of Allegheny County. On July 12, 2004, Petitioner was sentenced to 5½ to 11 years of incarceration. Petitioner filed an untimely appeal which was quashed by the Pennsylvania Superior Court on February 28, 2005. Petitioner then filed a petition pursuant to the Pennsylvania Post Conviction Relief Act (the "first PCRA Petition") on May 27, 2005. The PCRA Court denied the first PCRA Petition on October 27, 2006. Petitioner did not file an appeal. Waiting for more than two years, Petitioner filed a second PCRA Petition (the "second PCRA Petition") on April 3, 2009. On November 29, 2009, the PCRA Court denied the second PCRA Petition for failing to make a strong prima facie showing that a miscarriage of justice occurred. Waiting for more than three years thereafter, Petitioner filed the present Petition. Respondent filed a Motion to Dismiss, ECF No. 7, pointing out that the Petition violates the one year statute of limitations. Because the Respondent is correct, the Petition will be dismissed as time barred.

A. PROCEDURAL HISTORY

Petitioner is proceeding *pro se*. After the Petition was filed, ECF No. 4, Respondent filed a Motion to Dismiss the Petition, wherein they raised the statute of limitations defense. ECF No. 7. The Court ordered Petitioner to file a response to the Motion to Dismiss. ECF No. 10. Petitioner complied and filed a very brief Response to the Motion to Dismiss. ECF No. 12. The parties have filed their consent to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 9 and 11.

B. THE PETITION IS TIME BARRED.

**1. The AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Respondent pointed out in the Motion to Dismiss that this Petition is untimely under the AEDPA. Respondent is correct. The AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[1] Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] Although the AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final 30 days after February 28, 2005, the date on which the Pennsylvania Superior Court quashed the direct appeal[2] as untimely filed.[3] Thirty days after February 28, 2005, is March 30, 2005 (and no Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court). Drawbaugh v. Beard, No. 3:10-CV-1929, 2011 WL 6960967, at *2 n.3 (M.D.Pa. Nov. 9, 2011) ("Drawbaugh's conviction became final 30 days after the decision of the Pennsylvania Superior Court since he did not petition the Pennsylvania Supreme Court for allocatur."), *report and recommendation adopted by*, 2012 WL 32815 (M.D.Pa. Jan. 6, 2012); Barclay v. Pennsylvania, Civ.A. No. 11–478, 2011 WL 5237318 at *3 (E.D. Pa. Sept. 21, 2011), *report and recommendation adopted by*, 2011 WL 5248135 (E.D.Pa. Nov. 3, 2011). See also Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

---

[2] Commonwealth v. Posey, No. 195 WDA 2005 (Pa.Super.) docket available at: http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=195+WDA+2005

(site last visited 10/15/2013).

[3] Respondent argues that Petitioner's conviction became final 30 days after he was sentenced because his direct appeal to the Superior Court was untimely filed. Because it does not make a difference in this case, we decline to decide this issue and instead deem his conviction to have become final 30 days after the Superior Court quashed the appeal as untimely. If the Respondent's position were to be adopted, Petitioner's Petition would be even more untimely.

As provided by the AEDPA, Petitioner would have had one year after his conviction became final on March 30, 2005, which is March 30, 2006, in which to file his Petition attacking deficiencies in his conviction/sentence. However, pursuant to 28 U.S.C. § 2244(d)(2), the filing of a timely PCRA Petition and its pendency tolls the running of the AEDPA statute of limitations. Petitioner did not file his first PCRA Petition until May 27, 2005. State Court Record ("SCR") (PCRA petition stamped as received as of 5/27/2005). Hence, between March 30, 2005 and May 27, 2005, a total of 58 days out of the 365 day AEDPA statute of limitations were utilized, leaving Petitioner with only 307 days remaining.

The first PCRA Petition was deemed to be pending only until 30 days after the PCRA trial court denied the first PCRA Petition, which occurred on October 27, 2006, given that Petitioner failed to file an appeal to the Pennsylvania Superior Court. Hudak v. Pennsylvania, No. 13–259, 2013 WL 4400163, at *3 (W.D.Pa., Aug. 14, 2013) ("The one year grace period continued to be tolled during the pendency of the PCRA Petition in the state courts only until May 19, 1999, which is thirty days after April 19, 1999, the date on which the PCRA trial court denied the PCRA petition, given the fact that Petitioner did not file an appeal to the Pennsylvania Superior Court from the PCRA trial court's denial of relief."). The PCRA Court denied relief on October 27, 2006, and thirty days thereafter was November 26, 2006. Hence, the AEDPA statute of limitations began to run again as of November 27, 2006.

Petitioner filed a second PCRA Petition April 30, 2009. From November 27, 2006 until April 30, 2009, a total of 885 days passed. Adding these 885 days to the 58 days already used, yields a result of 943 days or already 578 days beyond the one year AEDPA statute of limitations (i.e., 943 days less 365 days equal 578 days). The second PCRA Petition was denied by the

PCRA trial court on November 29, 2009 and no appeal to the Superior Court was taken thereafter.

Respondent contends that the second PCRA Petition cannot toll the running of the AEDPA statute of limitations because the second PCRA Petition was untimely filed and so cannot be considered a "properly filed" petition within the meaning of the AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)(if state finds the post conviction petition untimely filed, it is not "properly filed" for the AEDPA's statutory tolling provision). We note however that the PCRA Court did not dismiss the second PCRA Petition because it was allegedly untimely filed but because it failed to make a strong prima facie showing that a miscarriage of justice might have occurred. SCR, Memorandum Opinion and Notice of Intention to Dismiss (Allegheny County CCP order filed 7/6/09).

We do not reach the question of whether this Court, in the first instance, could find that the second PCRA Petition is untimely, given the PCRA Court's order which seemingly addresses the second PCRA Petition on the merits. This Court assumes for the sake of argument that the second PCRA Petition was a "properly filed" post conviction petition and that it tolled the AEDPA statute of limitations for the time during which the second PCRA Petition was pending, i.e., from April 30, 2009, (the date the second PCRA Petition was filed) until December 29, 2009 (i.e., 30 days after November 29, 2009, the date on which the PCRA court denied the second PCRA Petition given that no appeal was filed to the Superior Court). Accordingly, the Court assumes that the AEDPA statute of limitations was tolled from April 30, 2009, until December 29, 2009.

Hence, as of December 30, 2009, the AEDPA statute of limitations began to run again and continued to run until December 3, 2012, the date Petitioner is deemed to have filed this

5

Petition. The number of days between December 30, 2009 and December 3, 2012 is 1069 days. Adding these 1069 days to the 943 days already used up yields a result of 2012 total countable days, or 1,647 days (equals 2012 days minus 365 days) beyond the one year AEDPA statute of limitations. Accordingly, the Petition is clearly time barred absent Petitioner showing that he is entitled to equitable tolling or that a miscarriage of justice would occur if the time bar were not forgiven. We turn now to address these two issues.

**2. Petitioner has not shown entitlement to equitable tolling.**

Petitioner does not explicitly argue for equitable tolling. However, in the interests of justice, we will consider whether equitable tolling applies to the facts of the instant Petition.

The doctrine of equitable tolling applies to the AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). The United States Court of Appeals for the Third Circuit in Miller described the limited nature of equitable tolling.

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner, seeking to invoke the doctrine of equitable tolling, must establish[4] two things: 1) the existence of "extraordinary circumstances" which

---

[4] We note that it is the burden of the Petitioner in a habeas case to show entitlement to equitable tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, at *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

In addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights,[5] "the party seeking equitable tolling must have acted with reasonable diligence **throughout the period he seeks to toll**." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (emphasis added) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In this case, Petitioner has the burden of establishing equitable tolling for a total of 1,647 days in order to render his Petition timely. See Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).[6] Petitioner has not carried his burden to show entitlement to equitable tolling. Indeed,

---

[5] Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("Equity is not intended for those who sleep on their rights.").

[6] The United States Court of Appeals for the Third Circuit stated in Lacava that

(footnote continued . . .)

the Court finds that Petitioner has not established that he acted with due diligence in bringing this Petition. Accordingly, Petitioner is not entitled to equitable tolling.

### 3. Petitioner has not shown a "miscarriage of justice."

Petitioner expressly argues that it would be a "miscarriage of justice" if the Court were not to overlook the untimeliness of his Petition and address his claims on the merits. ECF No. 4 at 14, ¶ 18. Respondent argues in the Motion to Dismiss that there is no "miscarriage of justice" exception to the AEDPA statute of limitations. ECF No. 7 at 3, ¶10.

Roughly one month after the Respondent filed the Motion to Dismiss, the United States Supreme Court held that there was indeed a "miscarriage of justice" exception to the AEDPA statute of limitations. McQuiggen v. Perkins, __ U.S. __, 133 S.Ct. 1924 (May 28, 2013). As a result, we reject the Respondent's contention that a "miscarriage of justice" exception does not exist.

In Werts v. Vaughn, 228 F.3d at 202, the United States Court of Appeals for the Third Circuit explained, in the context of procedural default, that the miscarriage of justice exception means:

> the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in

---

It is a well-established principle that, in order for appellant to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in ... bringing [the] claims." *Miller*, 145 F.3d at 618-619 (*quoting New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). **This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well**. *See, e.g., Jones v. Morton*, 195 F.3d at 160 (equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition").

Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (emphasis added).

> a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [*Murray v. Carrier*, 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Because the miscarriage of justice standard exception requires the showing of "actual innocence," the miscarriage of justice standard has also been referred to as the "actual innocence" exception. Young v. Clearfield County Commonwealth of Pleas, Civ.A. No. 08-5J, 2008 WL 1711098, at *1 (W.D.Pa., April 11, 2008) ("He appears to be invoking the actual innocence exception (also known as the miscarriage of justice exception) to the procedural default. . . ."). The phrase "miscarriage of justice" has been explained by the Supreme Court to require a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995); United States v. Sorrells, 145 F.3d 744, 749 n. 3 (5th Cir. 1998) ("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies 'when a constitutional violation probably has caused the conviction of one innocent of the crime.'"). This actual innocence claim or miscarriage of justice claim is a gateway claim,[7] meaning that Petitioner's claim is because he is actually innocent, the Court should overlook his violation of the AEDPA statute of limitations and address his habeas claims on the merits.

---

[7] The Supreme Court in Schlup explained that an actual innocence claim in the context of seeking to have a procedural default "forgiven" so as to have the procedurally defaulted claims reviewed on the merits is a "gateway" claim. In other words, the claim of actual innocence in the Schlup context is not a claim that because I am actually innocent by virtue of that fact alone I am entitled to federal habeas relief but rather is a claim that contends because I am actually innocent, the court should forgive my procedural default of the claim in the state courts, or, in Petitioner's case, my violation of the AEDPA statute of limitations, and consider my procedurally defaulted claims on their merits. Schlup, 513 U.S. at 315. The Court in Schlup contrasted such a "gateway" claim to a "freestanding" claim of actual innocence such as raised in Herrera v. Collins, 506 U.S. 390 (1993), wherein the claim was precisely, because I am actually innocent, by virtue of that fact alone, I am entitled to federal habeas relief.

9

However, the United States Supreme Court in McQuiggen stressed how narrow the miscarriage of justice exception is to the AEDPA's statute of limitations, and consequently, how rare a successful miscarriage of justice exception would occur:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

McQuiggen, 133 S.Ct. at 1928. See also id., at 1936 ("[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting Schlup, 513 U.S., at 327).

In the case at issue, Petitioner has failed to carry his substantial burden to show entitlement to the miscarriage of justice exception. Other than using the phrase "miscarriage of justice", Petitioner fails to point to any new evidence of his actual innocence, yet alone, evidence that would permit this Court to conclude that no reasonable juror would have convicted him in light of the new evidence. Accordingly, Petitioner has not established that he is entitled to the miscarriage of justice exception. As such, his habeas claims are barred by the AEDPA statute of limitations.

## C. CONCLUSION

For the reasons set forth herein, this Court finds that the Petition is time barred and Petitioner failed to show entitlement to equitable tolling or the miscarriage of justice exception.

10

Therefore, the Motion to Dismiss, ECF No. 7, is hereby **GRANTED** and the Petition is hereby **DISMISSED**. Because reasonable jurists would not find the foregoing debatable, a Certificate of Appealability is **DENIED.**

BY THE COURT,

Date  November 4, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Herman Posey, III
FX-4338
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

All counsel of record via CM-ECF